UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PHILIP MORRIS USA INC.,

         Plaintiff,    **REPORT AND**
 v.             **RECOMMENDATION**
                10-CV-0273 (JS) (WDW)
GEORGE JACKSON (aka GEORGE
WATKINS), d/b/a GJ SMOKES;
MUHAMMAD A. JACKSON, d/b/a GJ
SMOKES; JAMES WATKINS, d/b/a GJ
SMOKES; and DOES ONE through TEN,
Inclusive,

         Defendants.
-------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

 Before the undersigned is plaintiff's motion for default judgment and other relief, *see* Docket Entry ("DE") [35], which has been referred to the undersigned by District Judge Seybert to issue a report and recommendation on whether a default judgment should enter and for a determination of damages. Based on the evidence submitted and for the reasons stated below, it is recommended that the motion be granted, and that plaintiff be awarded statutory damages in the amount of $200,000.00 and costs in the amount of $350.00 for a total award of $200,350.00, for which the defendants will be held jointly and severally liable. It is further recommended that a permanent injunction be entered against the defendants as per plaintiff's request.

## BACKGROUND

 Plaintiff Philip Morris USA Inc. ("Philip Morris") filed a complaint against the defendants on January 22, 2010, alleging, *inter alia,* violations of the Lanham Act.[1] Compl. ¶3,

---

[1] Although the complaint includes claims under New York General Business Law and the common law of the State of New York, plaintiff in its motion seeks only statutory damages arising from the Lanham Act claims.

DE [1]. Specifically, the complaint alleged that defendants sold counterfeit MARLBORO® brand cigarettes in violation of Philip Morris' lawfully owned trademarks. In order to halt the counterfeit sales, on January 22, 2010, the court granted Philip Morris a temporary restraining order and leave to conduct expedited discovery. Order of 1/22/2010, DE [6]. On January 29, 2010, the court entered a Preliminary Injunction barring the defendants from further counterfeit sales. Order of 1/29/10, DE [11]. Following the court's order, Philip Morris effected service of process, including a copy of the summons and complaint, on a managing employee at GJ Smokes, the site of the alleged counterfeit sales. Affidavit of Jennifer L. Larson ("Larson Aff.") at ¶ 7, Ex. E, DE [37]. Defendants failed to file an answer or otherwise respond to discovery requests. On March 4, 2010, the court granted Philip Morris' motion to compel compliance with the expedited discovery. Order of 3/4/2010, DE [18]. In response to this Order, two of the named defendants, George Jackson and Muhammad Jackson, appeared for court ordered depositions on March 11, 2010. Despite their appearances, however, both failed to provide adequate testimony. Instead, they claimed that the third named defendant, James Watkins, had *all* knowledge of the counterfeit sales operation. Larson Aff., Exs. L & M. Following the depositions, both George Jackson and Muhammad Jackson, who never filed answers to the complaint, ceased communication with Philip Morris and, plaintiff suggests, have seemingly abandoned their defense. Mem. of Law at 8, DE [36]. James Watkins has never appeared, filed an answer or response to any discovery request, or appeared for his deposition. The Clerk of the Court noted the defaults on May 24, 2010, and Philip Morris filed a motion for a default judgment against all three defendants on October 22, 2010. *See* DE [35].

## DISCUSSION

### I. Legal Standards

It is axiomatic that the "effect of a default is to deem as true the well-pled allegations of the complaint that are relevant to liability." *Scafa-Tornabene Art Pub. Co., Inc. v. Pride Prod. Corp.*, 2007 WL 2469453, at *2 (S.D.N.Y. June 4, 2007) (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). Thus, the court must look to the allegations of the complaint regarding liability to determine whether plaintiff has adequately pled its claims.

### II. Established Facts and Liability

The plaintiff asserts claims under Sections 32 and 43(a) of the Lanham Act based on defendants' sale of counterfeit MARLBORO® brand cigarettes. Section 32 of the Lanham Act prohibits the use in commerce of any "reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods," in a way that is likely to cause confusion with plaintiff's registered trademarks. 15 U.S.C. § 1114(1)(a); *Philip Morris USA Inc. v. Marlboro Express*, 2005 WL 2076921, at *4 (E.D.N.Y. Aug. 26, 2005). To establish liability, the plaintiff must demonstrate ownership of the disputed trademark and show that it is protected under the Lanham Act. *See Arrow Fastener v. Stanley Works*, 59 F.3d 384, 390 (2d Cir. 1995). Then, in cases of counterfeit marks, the plaintiff need only prove that the items were counterfeit and that the defendant sold them. *See*

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003); *accord Marlboro Express*, 2005 WL 2076921 at *4.

Plaintiff has adequately pled the required elements to establish liability. First, the plaintiff's certificates of registration with the United States Patent and Trademark Office ("USPTO") establish that the trademarks are valid and within the protections of the Lanham Act. *See Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) (certificates of registration with the USPTO are prima facie evidence that the registrant owns the mark and has the exclusive right to its use in commerce); Compl. ¶13 & Exs. A-D. The trademarks in question are: Registration Number 1,039,413 (the MARLBORO LIGHTS® mark) and Registration Number 1,039,413 (the MARLBORO LIGHTS® Label mark). *Id.* at ¶¶ 4, 12, 13, 15. Next, plaintiff alleges that on January 15, 2010, employees of an independent investigative firm purchased two cartons of cigarettes bearing both the MARLBORO LIGHTS® mark and MARLBORO LIGHTS® Label mark from the defendants' smoke shop, GJ Smokes. *Id.* at ¶15. The cigarettes were sent to the Brand Integrity Department of Altria Client Services Inc. ("Brand Integrity"), where they were examined to determine their authenticity. *Id.* at ¶16. Based on this analysis, Brand Integrity conclusively determined that the packs of cigarettes purchased from defendants were counterfeit. *Id.* at ¶16.

Plaintiff has adequately pled allegations that state a cause of action under the Lanham Act, and in light of defendants' default, those allegations are deemed admitted. Accordingly, it is recommended that plaintiff's motion for a default judgment be granted.

### III. Damages and Costs

A. Damages

A default constitutes an admission of all well-pleaded factual allegations in the

complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Id.* at 159. The amount of damages can be determined without a hearing as long as the court satisfies itself, through review of documentary evidence or affidavits, that the amount is reasonable. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). In support of its claims, plaintiff has submitted undisputed evidence of its exclusive ownership of, and exclusive right to use, the MARLBORO® brand trademarks. Additionally, plaintiff has alleged sufficient facts in the complaint, supported by sworn affidavits, to show that defendants sold counterfeit cigarettes bearing the MARLBORO® brand trademark. Upon review of these materials, I conclude that they are sufficient to support an award of relief.

Although the Lanham Act allows the recovery of both actual and statutory damages, plaintiff in its motion seeks only statutory relief. The range of statutory damages under the Lanham Act is $1,000 to $200,000 per trademark infringed. 15 U.S.C. § 1117(c)(1). Where a defendant's infringement is willful, the maximum award per trademark infringed increases to $2,000,000. *Id.* § 1117(c)(2); *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 288 (2d Cir. 1999) (stating that infringement is willful when "'the defendant had knowledge that [his] conduct represented infringement or perhaps recklessly disregarded the possibility'" (quoting *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993))). Plaintiff urges the court to award $100,000 per trademark infringed, for a total award of $200,000 for which the defendants will be jointly and severally liable. *See Marlboro Express*, 2005 WL 207691 at *8 (awarding statutory damages against three defendants jointly and severally).

5

The court considers several factors in determining the amount of statutory damages, including: the defendant's profits, the plaintiff's lost profits, the defendant's willfulness, the size of the counterfeiting operation, the defendant's efforts to mislead and conceal, and the need to deter the defendant and others. *Philip Morris USA Inc. v. Tammy's Smoke Shop Inc.*, 2010 WL 2985491 at *1 (E.D.N.Y. Jul. 19, 2010). The defendants' profits, the size of the operation, and the amount of plaintiff's lost profits cannot be accurately determined due to the inaccurate and incomplete records kept by the defendants as well as the lack of discovery. As a result, the defendants must bear the uncertainty caused by their failure to keep sufficient records. *See id.* at *2; *Hermes Int'l v. Kiernan*, 2008 WL 4163208 at *4 (E.D.N.Y. Aug. 28, 2008).

Although plaintiff does not urge the court to make a finding of willfulness, the evidence supports the conclusion that defendants knew or should have known that the source of the cigarettes was suspicious, a strong indication of willfulness and a factor that favors a substantial amount of statutory damages. *See Tammy's Smoke Shop Inc.*, 2010 WL 2985491 at *2. The defendants' smoke shop is subject to the Poospatuck Reservation Tribal Council Resolution, which specifies the wholesalers licensed to sell cigarettes on the reservation. Larson Aff., Ex. H. None of the wholesalers authorized to sell on the Poospatuck Reservation sold Philip Morris products and four neighboring smoke shops had recently been caught selling counterfeit cigarettes obtained from unlicensed suppliers. These facts show that defendants knew or should have known that the cigarettes were counterfeit and further supports the need to deter future counterfeiting.

Statutory damages under the Lanham Act serve not only to compensate but are "also aimed at deterrence of future counterfeiting – both by the bad actor in question and by other potential counterfeiters." *Philip Morris USA Inc. v. Felizardo*, 2004 WL 1375277 at *7

(S.D.N.Y. June 18, 2004). The need to deter is strong in this case because of the defendants' utter disregard for the Tribal Council Resolution and their inability to learn from the penalties assessed to neighboring smoke shops. *See Tammy's Smoke Shop Inc.*, 2010 WL 2985491 at *1-2 (awarding $100,000 statutory damages to the first Poospatuck Reservation smoke shop caught selling counterfeit cigarettes). In light of the "real need to deter others from such insidious conduct", *id.* at *2, and a review of the evidence submitted, it is recommended that a statutory award of $200,000 is appropriate and will aid in deterring future counterfeiting by defendants and other smoke shops in the area.

### B. Costs

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, in addition to statutory damages, the plaintiff is entitled to costs other than attorneys' fees. Plaintiff seeks both the $350.00 filing fee and $644.00 for the costs of service. Although plaintiff is entitled to recover the costs of service, it has failed to provide any documentation in support of the amount sought. I will, however, take judicial notice of the $350.00 filing fee in the Eastern District of New York and recommend an award of costs in that amount.

### C. Equitable Relief

Plaintiff also seeks a permanent injunction against the defaulting defendants enjoining them from future sale of counterfeit Marlboro brand cigarettes and requiring defendants to cooperate with plaintiff's future investigations of counterfeit sales at its retail stores. Section 34(a) of the Lanham Act gives courts the "power to grant injunctions…to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). The terms of the requested injunction are identical to those recently entered by a Court in this District against Tammy's Smoke Shop – the first Poospatuck Reservation

smoke shop to have a case involving the sale of counterfeit cigarettes brought to final judgment. *See Tammy's Smoke Shop Inc.*, No. 09 Civ. 1899 (LDW), Dkt. No. 64 (Aug. 9, 2010) (permanent injunction against Tammy's Smoke Shop) (Larson Aff., Ex. R). Given the harm suffered to date and the risk of irreparable harm caused by defendants' continued sale of counterfeit Marlboro brand cigarettes, the court finds that permanent injunctive relief is warranted and recommends entry of such an order. *See Marlboro Express*, 2005 WL 2076921 at *7.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiff by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035 at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      July 26, 2011

                                                  /s/ William D. Wall
                                                  WILLIAM D. WALL
                                                  United States Magistrate Judge